UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT HORDIS, et al.,** | : CIVIL NO. 3:19-CV-296 |
| **Plaintiffs,** | : |
| | : (Judge Conner) |
| v. | : |
| | : (Magistrate Judge Carlson) |
| **CABOT OIL & GAS CORPORATION, et al.,** | : |
| **Defendants.** | : |

# ORDER

AND NOW this 9th day of September, 2020, with respect to the telephonic conference held earlier today at which the parties' various discovery disputes were brought to the court's attention, (Docs. 47, 49), IT IS ORDERED as follows:

**First**, with respect to the plaintiffs' document production request number 5, the plaintiffs' request to compel production of the defendants' development plans, forecasts, and analyses for the Hordis property and immediately adjoining properties is GRANTED, in part. As stated, the court finds that these documents which pertain *only* to the Hordis property are relevant and should be produced. To the extent that the plaintiffs wish to seek further discovery regarding the defendants' development plans, forecasts, and analyses for the properties immediately adjoining the Hordis property, the request is DENIED as stated on overbreadth grounds, but the parties are directed to consult and confer on the creation of modified language for this

1

request, which should seek targeted and focused disclosures with respect to these immediately contiguous properties. If disputes remain regarding the narrowly tailored language that the parties have created, the parties shall bring these disputes to the court's attention within 10 days, on or before **September 21, 2020**. Such correspondence should be directed to the undersigned's courtroom deputy, Kevin Neary.[1]

**Second**, with respect to the plaintiffs' document production request number 12, the plaintiffs' request to compel production of maps depicting the Hordis property and the immediately contiguous properties that the defendants have already created is GRANTED. To the extent that the plaintiffs wish to also compel the production of the software used by the defendants to generate these maps, this request is DENIED. In addition, as part of this discovery process, the parties should consult and confer to identify relevant maps in the defendants' possession that may be useful in presenting this case, and should endeavor to stipulate to their accuracy.

**Third**, with respect to the plaintiffs' document production request number 15, the plaintiffs' request to compel production of documents concerning the collision of wells 6 and 2 underground on the Hordis property is GRANTED. We find that this information is discoverable and should accordingly be produced.

---

[1] Mr. Neary can be reached at Kevin_Neary@pamd.uscourts.gov

**Fourth**, with respect to the plaintiffs' document production request number 11, the plaintiffs' request to compel production of documents concerning investor presentations which mention rankings of the Hordis property's hydrocarbon output compared to its immediately neighboring properties is DENIED. We find that the documents that the plaintiffs have requested stray too far afield from the scope of discoverable information in this case. Moreover, we find that the contents of these presentations that the plaintiffs seek, i.e., ranking information as to productivity metrics of the Hordis property and neighboring properties may be obtained through other, less burdensome channels.

**Fifth**, with respect to the plaintiffs' document production request numbers 4 and 17, the plaintiffs' request to compel production of documents concerning Cabot's development and extraction plans for the Hordis property and documents related to Cabot's compliance with state and federal administrative agency requirements with respect to operations on the Hordis property should be GRANTED, in part. While we find that these document requests seek potentially relevant information, there are valid overbreadth concerns expressed by the defendants regarding the scope of these disclosures. Thus, rather than request that this court impose arbitrary limits on the scope of what is potentially relevant or discoverable in this case, the parties are directed to engage in an ongoing dialogue in which potentially responsive material is identified and a discussion is held

3

regarding its relevance. Disputes over specific issues should be brought to the court's attention after the parties have consulted and conferred on these issues.

**Sixth**, with respect to the plaintiffs' document production request number 18, the plaintiffs' request to compel production of documents concerning Cabot's installation of surveillance equipment and ongoing surveillance on the Hordis property and for the creation and production of a privilege log from defendants' in-house counsel regarding events which post-dated the complaint is DENIED. We find that the parties had compiled and agreed to an ESI protocol at the outset of this litigation which is controlling in this case and serves to preclude the logging of privileged communications which post-date the filing of the complaint.

**Seventh**, with respect to the plaintiffs' interrogatory number 8, the plaintiffs' request to compel information regarding whether leaseholders within the Hordis Units consented to the use of multi-unit wells is GRANTED on the narrowly-framed grounds stated.

**Eighth**, with respect to the plaintiffs' interrogatories numbered 9 and 13, the plaintiffs' request to compel information regarding the gas production of the wells immediately neighboring the Hordis property on a cubic-foot-per-perforated-foot-of-wellbore basis is DENIED. Based on the information before us, it appears that the defendants have produced the information necessary to calculate the figures requested on a cubic-foot-per-perforated-foot-of-wellbore basis, but that the

defendants do not routinely generate this particular metric on their own. We find that the plaintiffs are not entitled to request this data on a cubic-foot-per-perforated-foot-of-wellbore basis where the defendants do not ordinarily report this data in the metric requested by the plaintiffs. The plaintiffs have the underlying data at their disposal to create their own calculations.

**Ninth**, we note that the defendants raised the issue of individuals accessing the well pad, the well site, and access paths on the Hordis property without the defendants' prior authorization. The parties are directed to consult and confer among themselves to create a plan for individuals' access to the Hordis property that is mutually agreeable. If the parties cannot agree on such a plan, they should notify the court within 10 days, on or before **September 21, 2020**. Such correspondence should be directed to the undersigned's courtroom deputy, Kevin Neary.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
